UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-00273 (9) (SRN/JJK)

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>)<br>Plaintiff,       )<br>)<br>v.       )<br>)<br>ELIAS KARKALAS (8)       )<br>PRABHAKARA RAO TUMPATI (9),       )<br>)<br>Defendants. | ORDER |

Jacqueline Blaesi-Freed, Linda I. Marks, U.S. Department of Justice, Consumer Protection Branch, 450 5th St. NW, Ste. 6400, Washington, DC 20001, and Roger J. Gural, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, DC 20044, for the United States of America.

Daniel L. Gerdts, 247 Third Ave. S., Minneapolis, MN 55415, John C. Brink, 310 4th Ave. S., Ste. 1008, Minneapolis, MN 55415, for Defendant Elias Karkalas.

James E. Ostgard, Ostgard Law Office, P.O. Box 582536, Minneapolis, MN 55458, Paul Daniel Schneck, Paul Daniel Schneck, LTD, 222 South 9th St., Ste. 1600, Minneapolis, MN 55402, for Defendant Prabhakara Rao Tumpati.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Prabhakara Rao Tumpati's Objections to Report and Recommendation's Denial of Motion for Severance ("Objs.") [Doc. No. 472]. Tumpati objects to portions of the Report and Recommendation ("R & R") issued by Magistrate Judge Keyes on February 1, 2016 [Doc. No. 461]. The Government filed a timely Memorandum in Response to Defendant Tumpati's Objections ("Resp.") [Doc. No. 484]. For the reasons stated herein, Tumpati's objections are

overruled, the Report and Recommendation is adopted in its entirety[1], and Tumpati's Motion for Severance [Doc. No. 361] is denied.

## I. INTRODUCTION

The extensive factual history of this case is well documented in previous orders and is unnecessary to recount in resolving the matter presently before the Court. The procedural history of these matters is undisputed and thoroughly summarized in Magistrate Judge Keyes' R & R. Thus, for the sake of brevity, the Court refers to that R & R.

Tumpati filed a short[2] motion requesting that his case be severed from the other defendants in the above-captioned matter. (See Mot. for Severance.) In general, Tumpati claimed that he was not properly joined under Federal Rule of Criminal Procedure 8(b) and that Federal Rule of Criminal Procedure 14 allowed for his severance because he is prejudiced by this allegedly improper joinder. (See id. at 1.) More specifically, Tumpati claimed that there were two "classes" of defendants in this case, those who set up and operated the online pharmacy scheme, and those—like Tumpati—who were physicians and pharmacists "recruited by the creators of the scheme . . . to participate in seemingly legal activity." (Id. at 1.)  According to Tumpati, this means that his defense "will be

---

[1] The R & R also addressed Defendant Elias Karkalas' Motion to Suppress [Doc. No. 352] and Motion for Severance [Doc. No. 337]. Karkalas did not object to the R & R's recommendation that his motions be denied. Thus, the Court adopts the R & R and denies Karkalas' motions.

[2] Tumpati's motion, and the argument in support of it, was a single page.

very different from that of the other defendants," and he will be "severely prejudiced" if he remains joined to those other defendants.[3] (Id.)

Magistrate Judge Keyes ("Judge Keyes") considered Tumpati's motion, but concluded severance was not warranted. (See R & R at 7–10.) First, Judge Keyes found that Tumpati was properly joined because joinder is preferred where, as here, multiple defendants are charged with a conspiracy. (See id. at 8–9.) Second, Judge Keyes concluded that there was insufficient prejudice to warrant Tumpati's severance and that any potential prejudice could be avoided with proper jury instructions. (See id. at 9–10.) Thus, Judge Keyes recommended denying Tumpati's Motion for Severance. (Id. at 10.)

Tumpati now objects on two related bases. First, he alleges that his joinder was improper because the prejudice which results from that joinder is substantial and injurious to him. (Objs. at 1–2.) Second, Tumpati contends that jury instructions will not be sufficient to alleviate the prejudice to him because of "the vast and complex circumstances among the various defendants." (Id. at 2.) Tumpati again notes that he is a physician and suggests that because of this fact, and the nature of his involvement in the alleged conspiracy, his defense is "substantially different" from the other defendants. (Id. at 3.)

## II. DISCUSSION

### A. Standard of Review

---

[3] Tumpati did not elaborate on these arguments during the hearing on his motion. (See Tr. of Hearing held 12/8/2015 [Doc. No. 422].)

A magistrate judge's order on a non-dispositive issue[4] is overturned on review only where that order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). Only if the reviewing district court has a "definite and firm conviction" that the magistrate judge erred is a reversal warranted. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (discussing the clearly erroneous standard under Fed. R. Civ. P. 52(a)); Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (discussing the same clearly erroneous standard for review under Fed. R. Civ. P. 72(a)). Even if the reviewing court would have decided the matter another way, this is not the basis for reversal. Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011). "A decision is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Shukh v. Seagate Tech., LLC, 872 F. Supp. 2d 851, 854 (D. Minn. 2012) (quotations omitted). Under this standard, the Court's review of Judge Keyes' denial of Tumpati's Motion for Severance is "extremely deferential." See United States v. Sotelo-Valdovinos, No. 14-CR-289 (SRN/JSM), 2015 WL 2454048, at *2 (D. Minn. May 22, 2015) (quotations omitted).

### B. Propriety of Tumpati's Joinder

The propriety of joinder, pursuant to Federal Rule of Criminal Procedure 8, is determined on the face of the indictment. United States v. Bledsoe, 674 F.2d 647, 655

---

[4] Although this matter is before the Court on Judge Keyes' R & R, it is reviewed as a non-dispositive order. See United States v. Sotelo-Valdovinos, No. 14-CR-289 (SRN/JSM), 2015 WL 2454048, at *2 (D. Minn. May 22, 2015) (considering a magistrate judge's recommendation denying a defendant's motion for severance under the standard for non-dispositive orders); Fed. R. Civ. P. 59(a) (non-dispositive matters are those that do not dispose of a charge or defense). But even if the Court were to conduct a *de novo* review of Tumpati's objections, it would reach the same outcome.

(8th Cir.1982); United States v. Sanders, 563 F.2d 379, 382 (8th Cir.1977). If the Court determines that joinder is proper under Rule 8, the Court has the discretion to order a severance under Rule 14 if the joinder of defendants appears to prejudice a defendant or the government. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir.1995). These rules are liberally construed in favor of joinder. Id. (citing United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)).

In cases involving multiple defendants who are not all charged with each offense, the analysis of the joinder of offenses is governed by Rule 8(b). United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1453–54 (8th Cir.1994); United States v. Jones, 880 F.2d 55, 61 (8th Cir.1989); Williams v. United States, 416 F.2d 1064, 1068 (8th Cir.1969); United States v. Finn, 919 F.Supp. 1305, 1323 (D. Minn. 1995); see also 1A Charles Alan Wright, Federal Practice & Procedure § 144 (4th Ed. & Supp. 2010). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

In general, "persons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts." United States v. Voss, 787 F.2d 393, 401 (8th Cir. 1986). The preference for joint trials is especially strong in conspiracy cases "where proof of the conspiracy overlaps." United States v. Williams, 97 F.3d 240, 243 (8th Cir. 1996). "Rarely, if ever, will it be improper

5

for coconspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991).

As Judge Keyes noted, the charges in this case allege that Tumpati, along with several co-conspirators, was engaged in a conspiracy to violate the Federal Food, Drug, and Cosmetic Act, to launder money, and to commit mail and wire fraud. (R & R at 8–9.) Thus, this is precisely the sort of circumstance where joinder is not only allowed, but preferred. See Sotelo-Valdovinos, 2015 WL 2454048, at *3 (finding joinder of co-conspirators proper under Rule 8(b) where indictment alleged they engaged in the same series of acts and transactions constituting the charged offenses).

### C. Showing of Real Prejudice

Even where joinder is proper, the Court has the discretion to order severance under Rule 14. Darden, 70 F.3d at 1526. Accordingly, if joinder is proper under Rule 8, a defendant seeking severance "has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] [t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (quotations and citations omitted). The fact that a defendant might stand a better chance of acquittal if tried separately does not entitle him to severance. Id. at 540. Instead, a defendant seeking severance must show that a joint trial would cause "real prejudice." United States v. Mickelson, 378 F.3d 810, 817–18 (8th Cir. 2004). "Real prejudice" exists when "(a) [a defendant's] defense is

irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. at 818 (citations omitted).

Judge Keyes properly found that Tumpati has failed to establish how his joinder with the other Defendants prejudices him. (R & R at 9.) Tumpati's bald assertion that his status as a physician makes him part of a different "class" of defendants does nothing to show how his defense is irreconcilable with the defense of any other defendant, or to establish why the jury would be unable to compartmentalize the evidence as it relates to him. Rather, "disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure, such as a curative instruction." United States v. Spotted Elk, 548 F.3d 641, 658 (8th Cir. 2008). Nor has Tumpati explained exactly why this case is so complex as to necessitate his severance. As the Government accurately notes, "The evidence arises from a single unified scheme and its presentation should last weeks, not months. While the five remaining defendants are collectively charged with 71 counts, a significant number of those counts are due to single instances of misconduct violating multiple statutory provisions." (Resp. at 8.) Under these circumstances, severance is not warranted because Tumpati will have a full and fair opportunity to distinguish his role from that of his co-defendants at trial, including the ability to request limiting instructions. See Zafiro, 506 U.S. at 538–39 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the

7

district court's sound discretion."); <u>Sotelo-Valdovinos</u>, 2015 WL 2454048, at \*4–5 (denying a motion to sever under circumstances similar to those here).

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant Tumpati's Objections to Report and Recommendation's Denial of Motion for Severance [Doc. No. 472] are **OVERRULED**.

2. The Report and Recommendation issued by Magistrate Judge Keyes on February 1, 2016 [Doc. No. 461] is **ADOPTED**.

3. Defendant Tumpati's Motion for Severance [Doc. No. 361] is **DENIED.**

4. Defendant Elias Karkalas's Motion for Severance [Doc. No. 337] and Motion to Suppress Statements Made by Defendant [Doc. No. 352] are **DENIED**.

Dated: March 9, 2016         s/ Susan Richard Nelson
                             SUSAN RICHARD NELSON
                             United States District Judge